George D. Ogden, J.
By indictment filed March IS, 1956, defendant was charged with the crimes of forgery second degree and grand larceny first degree. After a jury found defendant guilty on all counts he was sentenced as a second felony offender on June 6, 1956. Defendant moved to set aside his conviction in a collateral posttrial proceeding in January of 1966 and after a hearing, at which defendant was present and testified, his motion to set aside said conviction was denied. The present postconviction proceeding apparently is based upon Escobedo v. Illinois (378 U. S. 478 [1964]) and Miranda v. Arizona (384 U. S. 436 [June 13, 1966]).
Defendant’s motion must be denied. In Johnson and Cassidy v. New Jersey (384 U. S. 719 [June 20, 1966]) the Supreme Court expressly refused to apply its holding in Miranda v. Arizona (supra) retroactively, and stated: “ We hold further that Miranda applies only to cases in which the trial began after the date of our decision one w,eelc ago;” and, further (p. 734) of its opinion, said: “As for the standards laid
down one week ago in Miranda, if we were persuaded that they had been fully anticipated by the holding in Escobedo, we would measure their prospectivity from the same date. Defendants still to be tried at that time would be entitled to strict observance of constitutional doctrines already clearly foreshadowed. The .disagreements among other courts concerning the implications of Escobedo, however, have impelled us to lay down additional guidelines for situations not presented by that case. This we have done in Miranda, and these guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966.” (Italics mine.)
*75 A full and complete hearing was held on the voluntariness of defendant’s confession (People v. Huntley, 15 N Y 2d 72), and the confession was found to have been voluntarily made. If, in any way, the failure to comply with the “ guidelines ” set out in Miranda v. Arizona (supra) affected the voluntariness of his confession, defendant could — and undoubtedly did — present such facts at the hearing held thereon (see Johnson and Cassidy v. New Jersey, supra). Defendant’s motion, in all respects, is denied.